UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A. MENDOZA, | No. 2:13-cv-02366 AC P |
| Plaintiff, | |
| v. | ORDER |
| C.D.C.R, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1]  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 566 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations

---

[1] Although this complaint was filed on June 4, 2013 in the Northern District of California, it was not transferred to this court until November 12, 2013.  See ECF No. 6 (order of transfer).

1  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

2  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

3  the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

4      Plaintiff is currently a state prisoner at Mule Creek State Prison in Ione, California.  In his

5  complaint, plaintiff alleges that the CDCR approved an oral surgery to repair and close plaintiff's

6  cleft pallet. ECF No. 1, at 3.  The surgery was performed by Neal Swann, D.D.S. on March 16,

7  2012. ECF No. 1, at 3.  Plaintiff further alleges that he experienced post-surgery complications

8  including an infection and that his cleft pallet was not closed. Id.  By way of relief, plaintiff

9  requests the CDCR to authorize the additional repair of his cleft pallet as "soon as possible" and a

10 personal injury lawsuit against Dr. Swann. Id.

11     A prisoner's claim of inadequate medical care does not constitute cruel and unusual

12 punishment unless the mistreatment rises to the level of "deliberate indifference to serious

13 medical needs." Id. at 106.  The "deliberate indifference" standard involves an objective and a

14 subjective component.  First, the alleged deprivation must be, in objective terms, "sufficiently

15 serious." Farmer v. Brennan, 511 U.S. 825, 834(1994) (citing Wilson v. Seiter, 501 U.S. 294,

16 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind,"

17 which entails more than mere negligence, but less than conduct undertaken for the very purpose

18 of causing harm. Farmer, 511 U.S. at 837.  A prison official does not act in a deliberately

19 indifferent manner unless the official "knows of and disregards an excessive risk to inmate health

20 or safety." Id.

21     In applying this standard, the Ninth Circuit has held that, before it can be said that a

22 prisoner's civil rights have been abridged, "the indifference to his medical needs must be

23 substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

24 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing

25 Estelle, 429 U.S. at 105–06).  "[A] complaint that a physician has been negligent in diagnosing or

26 treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

27 Amendment.  Medical malpractice does not become a constitutional violation merely because the

28 victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d

1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has failed to allege a valid Eighth Amendment claim with respect to Dr. Swann. In this case, plaintiff's complaints against Dr. Swann sound in medical malpractice and not in a civil rights lawsuit. See Estelle, 429 U.S. at 106. A § 1983 complaint is simply not the appropriate cause of action for a claim that a medical doctor did not perform within the medical standard of care.

Plaintiff has named the C.D.C.R. as an additional defendant based on its authorization of the cleft pallet surgery and its purported failure to order any additional repair of his cleft pallet. Plaintiff has failed to state a cognizable claim against the CDCR because "[a] governmental agency that is an arm of the state is not a person for purposes of § 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990); Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007). The CDCR, as an arm of the State of California, is therefore not subject to § 1983 claims. See Moreno v. California, 25 F.Supp.2d 1060, 1063 (N.D. Cal. 1998) (citing Taormina v. Cal. Dep't of Corr., 946 F.Supp. 829, 831 (S.D. Cal. 1996), aff'd 132 F.3d 40 (9th Cir. 1997).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

4

1 complaint be complete in itself without reference to any prior pleading. This is because, as a
2 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
3 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
4 longer serves any function in the case. Therefore, in an amended complaint, as in an original
5 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
6         In accordance with the above, IT IS HEREBY ORDERED that:
7         1. Plaintiff's request for leave to proceed in forma pauperis is granted.
8         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
9 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
10 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
11 Director of the California Department of Corrections and Rehabilitation filed concurrently
12 herewith.
13         3. The complaint is dismissed for the reasons discussed above, with leave to file an
14 amended complaint within twenty-eight days from the date of service of this order. Failure to file
15 an amended complaint will result in a recommendation that the action be dismissed.
16 DATED: November 21, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5