UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MENDOZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEAL P. SWANN, D.D.S.,<br><br>　　　　　Defendant. | No.  2:13-cv-2366 AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Both parties have consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c); see also, ECF Nos. 12 & 19-2.  Plaintiff is proceeding on his Eighth Amendment claim for deliberate indifference to his serious medical needs, under 42 U.S.C. § 1983.

　　　　Pending before the court is plaintiff's Motion To File Supplemental Pleading pursuant to Fed. R. Civ. P. 15(d).  Plaintiff requests leave to file a supplemental complaint so that he can request additional relief, namely, (1) non-economic damages of $50,000, (2) future medical expenses of $1 million, (3) nominal damages of $50,000, (4) compensatory damages of $30,000, (5) punitive damages of $40,000, (6) attorneys' fees and (7) "damages" of $500,000.  The court

1

will construe plaintiff's motion to be a motion to amend his complaint pursuant to Rule 15(a).[1]

Defendant opposes plaintiff's motion solely on the ground that "[t]his is a medical malpractice case," and under California law, plaintiff may not seek punitive damages or attorneys' fees. Defendants' Opposition to Plaintiff's Motion To File Supplemental Pleadings ("Oppo.") (ECF No. 26). Defendant does not oppose the request to add the other forms of damages.

Defendant's opposition is predicated entirely on his incorrect assertion that this is a malpractice claim governed California law. In fact, this is a § 1983 claim governed by federal law. All of defendant's arguments for denying plaintiff's motion are drawn from California's specific requirements for pleading punitive damages, and the asserted absence of California statutory authority for seeking attorneys' fees, which are inapplicable here.

Under federal law, punitive damages are available in a § 1983 case. See Smith v. Wade, 461 U.S. 30, 56 (1983) ("We hold that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others"); Jackson v. Barnes, 749 F.3d 755, 762 (9th Cir. 2014) ("punitive damages may be recovered in appropriate circumstances under § 1983"). Attorneys' fees are also available in appropriate prisoner cases brought under Section 1983. See 42 U.S.C. §§ 1988(b) & 1997e(d); Dannenberg v. Valadez, 338 F.3d 1070, 1075 (9th Cir. 2003) (discussing availability of attorneys' fees in prisoner cases).

Since plaintiff may properly seek punitive damages and attorney's fees, and the court is obligated to permit amendment of the complaint "freely" when justice so requires, plaintiff's motion, construed to be a motion to amend, will be granted.

---

[1] The court notes that plaintiff initially filed a document asking to amend his complaint on August 15, 2014. See ECF No. 22. Plaintiff apparently realized at that time that he had failed to mark the "Money Demanded" box on the Civil Cover Sheet, and wanted an opportunity to request money damages. This document was filed 21 days after defendant filed his Answer. Accordingly, plaintiff was entitled to amend his complaint as of right on that date. See Fed. R. Civ. P. 15(a)(1)(B) (plaintiff can amend as of right 21 days after service of responsive pleading).

1   In accordance with the above, IT IS HEREBY ORDERED that:

2   1.      Plaintiff's motion to supplement his pleading, construed as a motion to amend
3   (ECF No. 25) is GRANTED.

4   2.      Plaintiff shall file his amended complaint within 30 days of the date of this order.
5   Plaintiff shall entitle the amended complaint "Second Amended Complaint."

6   Plaintiff is cautioned that his Second Amended Complaint must be complete in itself
7   without reference to any prior pleading.  This is because, as a general rule, an amended complaint
8   supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
9   plaintiff files the Second Amended Complaint, the prior pleading no longer serves any function in
10  the case.  Therefore, the Second Amended Complaint must contain all of plaintiff's claims,
11  together with all the relief he now seeks.

12  4.      Within 30 days of being served with the second amended complaint, defendant
13  shall file either: (1) a responsive pleading; or (2) a statement that he intends to rely on his
14  Answer, ECF No. 19, in which latter case the previously filed Answer will be deemed the Answer
15  to the Second Amended Complaint.

16  DATED: November 11, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3