1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL MENDOZA,                          No.  2:13-cv-2366 AC P

12              Plaintiff,

13        v.                                  ORDER

14   NEAL P. SWANN, D.D.S.,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action under 42 U.S.C. § 1983.  Defendant has not consented to the jurisdiction of the magistrate

19   judge.  Pending before the court are (1) plaintiff's motion for an extension of the discovery

20   deadline, (2) defendant's motion for an extension of time to file an answer, and (3) plaintiff's

21   motion for appointment of counsel.

22        1.     Extension of Discovery Deadline

23        The court's Discovery and Scheduling Order set January 20, 2015 as the deadline for

24   conducting discovery and the filing of discovery motions.  ECF No. 20.  Plaintiff asks for an

25   additional 60 or 90 days to conduct discovery.  ECF No. 31.  Defendant has filed a Statement of

26   Non-Opposition.  ECF No. 33.  The discovery deadline will be extended by 90 days.

27        2.     Extension of Time To Answer

28        Plaintiff's Second Amended Complaint was served on defendant Swann on December 4,

1    2014.  See ECF No. 32 ¶ 6.  On December 17, 2014, defendant timely requested a 30-day

2    extension of time to file an answer.  ECF No. 32.  On December 22, 2015, defendant filed his

3    answer, having missed the 14-day period allotted for responding to an amended pleading.  See

4    ECF No. 34; Fed. R. Civ. P. 15(a)(3).  Plaintiff has not filed an opposition to this motion.  The

5    motion for an extension of time will therefore be granted, and the answer will be deemed to be

6    timely filed.

7            3.      Appointment of Counsel

8            District courts may not require counsel to represent indigent prisoners in § 1983 cases.

9    Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  However, where willing counsel

10   is available, the district court "may request an attorney to represent any person unable to afford

11   counsel."  28 U.S.C. § 1915(e)(1); Agyeman v. Corrections Corp. of America, 390 F.3d 1101,

12   1103 (9th Cir. 2004), cert. denied, 545 U.S. 1128 (2005).

13           The district court may appoint such counsel where "exceptional circumstances" exist.

14   Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), cert. denied, 559 U.S. 906 (2010) (citing

15   Agyeman, 390 F.3d at 1103).  In determining whether or not exceptional circumstances exist, "a

16   court must consider 'the likelihood of success on the merits as well as the ability of the petitioner

17   to articulate his claims pro se in light of the complexity of the legal issues involved.'"  Palmer,

18   560 F.3d at 970 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  Circumstances

19   common to most prisoners, such as lack of legal education and limited law library access, do not

20   establish exceptional circumstances that would warrant a request for voluntary assistance of

21   counsel.  See, e.g., Guess v. Lopez, 2014 WL 1883875 at *5 (E.D. Cal. 2014) (Claire, M.J.).  The

22   court does not find exceptional circumstances in this case, at this time.

23           Accordingly, IT IS HEREBY ORDERED that

24           1.      Plaintiff's motion for an extension of the discovery deadline (ECF No. 31), is

25   GRANTED.  Paragraphs 6 and 7 of the court's Discovery and Scheduling Order (ECF No. 20 at

26   5) are AMENDED to read:

27                  6. The parties may conduct discovery until April 20, 2015.  Any motions

28                  necessary to compel discovery shall be filed by that date.  All requests for

discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date (February 19, 2015).

7.  All pretrial motions, except motions to compel discovery, shall be filed on or before July 20, 2015. Motions shall be briefed in accordance with paragraph 8 of this court's order filed May 28, 2014 (ECF No. 17).

2.      Defendant's timely motion for an extension of time to answer (ECF No. 32), is GRANTED *nunc pro tunc*, and his Answer, filed December 22, 2014 (ECF No. 34), is deemed to be timely filed.

3.      Plaintiff's motion for appointment of counsel (ECF No. 35), is DENIED without prejudice.

DATED: January 11, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3