UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A. MENDOZA, | No. 2:13-cv-02366 AC P |
| Plaintiff, | |
| v. | ORDER |
| NEAL P. SWANN, D.D.S., | |
| Defendant. | |

Plaintiff is a state prisoner, incarcerated in Salinas Valley State Prison, who proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds against sole defendant Neal P. Swann, D.D.S., on plaintiff's Eighth Amendment claim that defendant was deliberately indifferent to plaintiff's serious medical needs concerning his cleft palate surgery and post-operative care, when plaintiff was previously incarcerated at Mule Creek State Prison. Defendant is in private practice in Jackson, California, and presumably provided services to plaintiff pursuant to a contract agreement with the California Department of Corrections and Rehabilitation (CDCR).[1] The parties have consented to the jurisdiction of the magistrate judge for all purposes. See 28 U.S.C. § 636(c); Local Rule 305(a). See also ECF Nos. 12, 19-2 at 1.

---

[1] Defendant was represented by private counsel until recently; as of February 23, 2015, defendant is represented by the California Attorney General's Office. See ECF No. 42.

Currently pending is plaintiff's form "request for extension" which includes a request for authorization to subpoena plaintiff's own mental health records from CDCR (because there has reportedly been no response to his request), in order to respond to defendant's discovery request for "all documents showing [plaintiff was] treated for 'depression,' anxiety or suicidal thoughts as a result of March 16, 2012 surgery." ECF No. 43 at 2. In addition, plaintiff requests authorization for a "subpoena of witnesses . . . there (sic) not voluntorilly (sic)." Id. Plaintiff adds that "[h]ere dental [is] going to examin[e] my teeth & nasal cavity because it will be documented for tri[a]l [drawing of a smiling face]. . . . Dental here did xray there going to examin my teeths & the nasal cavity there's my evidence. . . ." Id. at 1-2 (sic). The request notes that plaintiff's prior requests for appointment of counsel, see ECF Nos. 35-6, were denied, see ECF No. 39 at 2-3, as was his request for appointment of an expert witness.

Significantly, in further support of his "request for extension," plaintiff has submitted the results of a March 18, 2015 TABE (Tests of Adult Basic Education) test, which accords plaintiff a Total Battery Score of 2.1 (based, in part on a reading level of 3.5 and language level of 1.8). See ECF No. 43 at 4. These results render plaintiff "disabled" under the Americans with Disabilities Act (ADA), entitled to the assistance of CDCR officials in order to effectively communicate with the court. See ECF No. 36 at 6-8; see also ECF No. 35.

The court construes plaintiff's instant request as a renewed request for appointment of counsel. Although district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases, Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989), when exceptional circumstances are presented, the court may request that an attorney voluntarily represent a civil rights plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library

access, do not establish exceptional circumstances that warrant granting a request for voluntary assistance of counsel.

In light of the nature and procedural posture of the case, and plaintiff's limited ability to effectively communicate, the undersigned finds that plaintiff has met his burden of demonstrating exceptional circumstances warranting the appointment of counsel. Comprehensive review of plaintiff's filings in this action demonstrates that he is not capable of effectively pursuing his own interests in this litigation, which the court has found to be nonfrivolous.

In addition, although the undersigned denied plaintiff's request for appointment of a neutral expert witness, see ECF Nos. 38, 40, plaintiff may, through appointed counsel, request the assistance of a medical expert on his behalf. Voluntary appointed counsel assumes the costs of litigation, including expert fees, on a pro bono basis, and may seek the court's approval for the reimbursement or advancement of such costs (which must be reimbursed to the court should plaintiff prevail or settle). See General Order No. 510, U.S. District Court, Eastern District of California.

Accordingly, having construed plaintiff's wide-ranging "request for extension" as a renewed motion for appointment of legal counsel, the court finds that plaintiff has met his burden of demonstrating exceptional circumstances warranting such appointment. See General Order No. 230, U.S. District Court, Eastern District of California (setting forth the criteria and procedure for appointment of counsel in Section 1983 cases). Discovery will be stayed in this action pending appointment of counsel, and the deadlines for discovery and dispositive motions will be vacated until further order of this court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion filed April 1, 2015, ECF No. 43, construed as a request for appointment of counsel, is granted.

2. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept this appointment, for the purpose of pursuing this action on plaintiff's behalf through remaining discovery, and all pretrial and trial proceedings.

3. The deadlines for discovery and for filing dispositive motions (currently April 20, 2015 and July 20, 2014, respectively, see ECF No. 39) are vacated until further order of this court; discovery is hereby stayed.

SO ORDERED.

DATED: April 6, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE